## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| SAMUEL GAINES, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JOSE MORALES, )<br>)<br>Respondent. ) | <br><br><br><br>CASE NO. 5:19-CV-148 (MTT)<br><br><br> |

### ORDER

Petitioner Samuel Gaines, Jr. filed a "Motion for Reconsideration" on January 13, 2021.[1] Doc. 13. It is unclear whether Gaines's motion seeks reconsideration of the Court's September 6, 2019 Order (Doc. 11) or immediate release from state custody. Regardless, Gaines's motion (Doc. 13) is **DENIED**.

"With the exception of motions filed pursuant to Fed. R. Civ. P. 59(e), motions for reconsideration shall be filed within fourteen (14) days after entry of the order." M.D. Ga. L.R. 7.6. "Motions for Reconsideration shall not be filed as a matter of routine practice." *Id*. Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in

---

[1] Gaines's motion was originally filed in the Southern District of Georgia but was transferred to this Court on August 30, 2021. Doc. 13-1.

the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

On September 6, 2019, the Court adopted United States Magistrate Judge Charles H. Weigle's recommendation that Gaines's motion for mandamus relief be denied.  Docs. 9; 11.  Gaines moved for reconsideration on January 13, 2021.  Doc. 13.  Therefore, Gaines's motion is untimely.  But even if, liberally construed, Gaines's motion is intended to be one for "immediate release from state custody," that relief cannot be sought through a motion for reconsideration.  Instead, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Thus, to the extent that Gaines seeks release from state custody, he must proceed through a petition for writ of habeas corpus, not a motion for reconsideration.  Accordingly, Gaines's motion (Doc. 13) is **DENIED**.

**SO ORDERED,** this 28th day of September, 2021.

                S/ Marc T. Treadwell
                MARC T. TREADWELL, CHIEF JUDGE
                UNITED STATES DISTRICT COURT